UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: CASE NO. 1:21-cv-20262-PCH
(CASE NO. 1:19-cr-20424-CMA-1)

DANIEL GRIFFIN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## DECLARATION OF KHURRUM B. WAHID

1. I, Khurrum B. Wahid, do hereby declare that I am a member in good standing of the Florida Bar. I graduated from San Diego's Thomas Jefferson School of Law in 1998 and was admitted to practice in Florida in September 1999. I am also admitted and active with the New York State bar.

2. My primary practice since 1999 has been in criminal defense, both state and federal, across multiple jurisdictions.

3. In late September of 2019 I was appointed through the Criminal Justice Act to represent Daniel Griffin in *United States v. Griffin*, Case No.: 19-cr-20424-CMA. I represented Griffin from pre-trial through sentencing. I was then also appointed to represent him on appeal.

4. I am aware that he filed a motion to vacate pursuant to 28 U.S.C. § 2255 on May 8, 2023. I have read and reviewed the motion and the allegations Mr. Griffin has made against me.

5. I communicated with Mr. Griffin in person, by telephone and email throughout my representation of him. I shared with him my opinions about the prosecution, the weight of the evidence, the benefit to pleading guilty instead of proceeding to trial, and possible strategies and defenses, among other things. I also reviewed all the evidence and spoke to his family and to anyone that Mr. Griffin suggested could assist in his defense.

6. Mr. Griffin has complained in his motion that I did not explain favorable plea terms offered by the government or explain the benefits of a guilty plea. I reviewed all the discovery with Mr. Griffin. Based on the weight of the evidence, I suggested Mr. Griffin plead guilty pursuant to a negotiated plea agreement. I negotiated as part of this agreement a joint recommendation that Mr. Griffin receive 48-month's imprisonment. I shared this offer with Mr. Griffin, and I fully discussed the advantages and disadvantages of this joint recommendation with Mr. Griffin, including the benefits he would receive and the rights that he would concede by agreeing to this joint recommendation and by pleading guilty. I advised Mr. Griffin the plea was a joint recommendation and in the end the sentence imposed was solely up to the District Court Judge. I advised Mr. Griffin the offer was a good resolution. Ultimately, he did not want to plead guilty and wanted to go to trial, which I conveyed to the government by email.

7. Mr. Griffin has complained in his motion that I did not raise prosecutorial misconduct during the trial and that I was ineffective for not doing so. I discussed all

strategies with Mr. Griffin including any reasoning for not advancing what I believed to be frivolous arguments. I did not and do not see any basis to argue prosecutorial misconduct in his case nor did I see any basis to raise this issue on appeal.

        8.      Mr. Griffin has complained also in his motion that I was ineffective for failing to raise prosecutorial misconduct on appeal. I fully discussed his right to appeal with Mr. Griffin and shared my opinion that there were no appealable issues. During the pendency of the appeal, Mr. Griffin asked for me to be removed as his attorney and I filed a motion to withdraw with the Eleventh Circuit Court of Appeals. The Court denied my motion. I believed that no issues of arguable merit existed to appeal. I then filed a brief in compliance with *Anders v. California,* 386 U.S. 738 (1967). The Eleventh Circuit agreed with my assessment and in an unpublished opinion concluded "that counsel's assessment of the relative merit of the appeal is correct" and that an "independent examination of the entire record reveals no arguable issues of merit."[1] The Court granted my motion to withdraw and affirmed Mr. Griffin's conviction.

        9.      Mr. Griffin has complained in his motion that I did not fully explain the Pre-Sentence Investigation Report to him or file substantive objections. Before his sentencing hearing, I fully discussed the Pre-Sentence Investigation Report with Mr. Griffin, and it is my usual and customary practice to meet with criminal clients shortly before any sentencing. I visited Mr. Griffin at the Federal Detention Center in Miami to explain his rights. I filed a sentencing memorandum on behalf of Mr. Griffin and argued strenuously for a lower sentence for Mr. Griffin during the sentencing hearing.

---

[1]    See USCA11 Case: 20-10704 (2022).

10. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 12 day of June, 2023.

_____
Khurrum B. Wahid Esq.